**The SHIELD COMPANY, Inc., Appellant,**

v.

**Harold R. TEAGUE et al., Appellees.**

**No. 15781.**

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 18, 1957.

Richard Owens, Fort Worth, for appellant.

Thompson, Knight, Wright & Simmons, Dan R. Rogers and Pat S. Holloway, Dallas, for appellees.

BOYD, Justice.

Appellant The Shield Company, Inc., sued Harold R. Teague for debt incurred by him for the purchase price of certain house furnishings, together with foreclosure of a chattel mortgage, and joined appellee Hardware Mutual Insurance Company of Minnesota, asking for recovery on a policy of insurance allegedly covering the furnishings, which were destroyed by fire. Trial to the court resulted in judgment for appellant against Teague and in favor of appellee Insurance Company.

At appellant's request, the court filed findings of fact and conclusions of law. It was found that the merchandise was sold to Teague upon open account; that the purchases were made in January and February, 1952; that when the first purchase was made, Teague promised to return shortly and either pay for that purchase or sign a chattel mortgage on it to secure payment of the debt; that no such promise was made as to the account for the balance of the purchases; that the merchandise was delivered to Teague in Belton; no payment had been made on the account by August 14,

1952, on which date Teague signed a note and executed a chattel mortgage on the merchandise. The court concluded that absolute title vested in Teague when he purchased the merchandise, and that from that time until August 14, 1952, appellant had no title to and no security interest in the property.

The policy became effective on July 20, 1952, and the property was destroyed by fire on October 9, 1952. In so far as material here, the policy covered only "lawful goods, wares or merchandise usual to a Equipment establishment, sold by the named insured (hereinafter called the 'Dealer') on signed conditional sales contracts, * * *."

It is appellant's contention that when Teague executed the note and mortgage in August after the purchases in January and February, there was a "resale" by appellant to him, and that therefore thenceforwards the property must be considered as having been sold on a signed conditional sales contract.

We are unable to agree with the contention. There was no evidence that Teague sold the property back to appellant before appellant undertook to "resell" it to Teague, or that appellant had in any other way become reinvested with title.

Appellant's general manager testified that he went to Belton on August 14, 1952; "The purpose of my trip to Belton was to get Mr. Teague to pay for the merchandise, let us pick it up or resell it to him on a conditional sales contract. * * * I told Mr. Teague that we would want to pick up the furniture—we would want him to pay us for the entire amount of the sale or to liquidate the indebtedness or to re-purchase it on this chattel mortgage contract deal.

* * * Mr. Teague said that he couldn't pay us at that time, but that he was perfectly willing to re-purchase it on this conditional sales contract. * * * he signed this chattel mortgage contract."

Teague testified that when he bought the merchandise he promised to pay for it in thirty or sixty days; there was no written agreement of any kind; that when the general manager came to see him in August "he said the Shield Company had been carrying that account for about six months and had no payment on it, and that they were making their spring purchases, or something like that, of furniture or something, and were running short of cash, and would I mind signing some kind of a sales contract, or something or other, so that they could turn that paper over to the bank, and of course they could then use the bank's money with the paper as security, and I told them that I had no objections to it, and he had the papers already prepared, and I signed them."

There is considerable argument here that a conditional sales contract is a chattel mortgage, and that a chattel mortgage should be considered a conditional sales contract. However that may be as a general proposition, we do not think the policy covered merchandise sold on open account, for which debt the purchaser later executed a note secured by a chattel mortgage on the property.

Although the policy must be construed strictly against appellee, the court cannot rewrite the contract for the parties. We think the evidence is sufficient to support the findings and conclusions of the trial court.

The judgment is affirmed.